## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: Akorn Inc., et al.

| | |
|---|---|
| 1199SEIU National Benefit Fund, et al.<br><br>Appellants,<br><br>v.<br><br>Official Committee of Unsecured Creditors of Akorn Inc., et al.<br><br>Appellees | Civil Action 20-1254<br><br><br>Bankruptcy Case No. 20-11177 (KBO)<br>Bankruptcy BAP No. 20-29 |

**1199SEIU BENEFIT FUNDS, DC47 FUND AND SBA FUND'S STATEMENT OF ISSUES ON APPEAL**

1. Whether the Bankruptcy Court erred in finding that the Plan complied with 11 U.S.C. §§ 1122, 1129(a)(1), requiring the classification of substantially similar claims.

2. Whether the Bankruptcy Court erred in finding that the Plan complied with 11 U.S.C. §§ 1123(a)(2), 1129(a)(1), requiring the Plan to specify classes impaired under the Plan.

3. Whether the Bankruptcy Court erred in finding that the Plan complied with 11 U.S.C. §§ 1123(a)(4), 1129(a)(1), requiring the Plan to provide equal treatment to members of each class.

4. Whether the Bankruptcy Court erred in finding that the Plan complied with 11 U.S.C. §§ 1123(a)(5), 1129(a)(1), requiring the Plan to provide adequate means for Plan implementation.

2

5. Whether the Bankruptcy Court erred in finding that the Plan proponents, the Debtors, complied with 11 U.S.C. §§ 1107, 1129(a)(2), requiring the Debtors to maximize the value of the estate.

6. Whether the Bankruptcy Court erred in finding that the Plan was proposed in good faith as required by 11 U.S.C. §1129(a)(3).

7. Whether the Bankruptcy Court erred in finding that the Plan provided better treatment to creditors than conversion to chapter 7 on the effective date, as required by 11 U.S.C. §1129(a)(7).

8. Whether the Bankruptcy Court erred in finding that at least one impaired class of creditors accepted the Plan, as required by 11 U.S.C. §1129(a)(10).

9. Whether the Bankruptcy Court erred in finding that the Plan did not discriminate unfairly, and was fair and equitable, with respect to the appellants' class, as required by 11 U.S.C. §1129(b)(1).

10. Whether the Bankruptcy Court erred in finding that the Plan complied with the absolute priority rule as required by 11 U.S.C. §1129(b)(2)(B).

11. Whether the Bankruptcy Court erred in finding that the releases and exculpations in the Plan were constitutional as against third parties, were appropriately narrow in scope and

granted for appropriate consideration, and that the enforcing injunction complied with Fed. R. Bankr. P. 3016(c).

12. Whether the Bankruptcy Court erred in making the factual finding that the evidence provided by the Debtors satisfied the Debtors' burden of proof under 1129(a), (b).

13. Whether the Bankruptcy Court erred in permitting the opinion testimony of Joseph Bonaccorsi, Mark Buschmann or William Kocovski on the valuation of assets when they were never qualified as expert witnesses.

14. Whether the Bankruptcy Court erred in using the market valuation of the Debtors' assets when the book value of the Debtor's assets exceeds the credit bid and no auction of assets took place.

15. Whether the Bankruptcy Court erred in accepting the unsworn statement of counsel to the Unsecured Creditors' Committee on the nature of the released litigation claims as evidence of the value or nature of the Debtor's released causes of action.

Dated: October 2, 2020
Wilmington, Delaware

By: /s/Leslie B. Spoltore
Leslie B. Spoltore, Esquire (DE Bar No. 3605)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
123 Justison Street, Suite 100
Wilmington, Delaware 19801
Telephone: (302) 238-6947
Facsimile: (302) 655-1092
Email: leslie.spoltore@obermayer.com

-and-

Edmond M. George, Esquire (*pro hac pending*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3140
Facsimile: (215) 665-3165
Email: Edmond.george@obermayer.com
*Counsel to AFSCME District Council 47 Health and Welfare Fund, 1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU National Benefit Fund for Home Care Workers, 1199SEIU Licensed Practical Nurses Welfare Fund and Sergeants Benevolent Association Health and Welfare Fund*

4