# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281-1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3830
SGREENBERG@JONESDAY.COM

December 11, 2018

VIA EMAIL AND OVERNIGHT MAIL

Duane Portwood
Chief Financial Officer
Akorn, Inc.
1925 West Field Court, Suite 300
Lake Forest, Illinois 60045

    Re:    Akorn Inc.

Dear Mr. Portwood:

We write, once again, on behalf of certain term lenders (the "Term Lender Group") under the Loan Agreement dated as of April 17, 2014 (as amended, restated, supplemented, or otherwise modified prior to the date hereof, the "Loan Agreement"), among Akorn Inc. ("Akorn" or the "Company") and the other loan parties thereto, JPMorgan Chase Bank, N.A., as administrative agent (the "Agent"), and each lender from time to time party thereto. Collectively, the Term Lender Group represents Required Lenders under the terms of the Loan Agreement.

As of the date of this letter, we have not received any response to the letter we sent you on November 27, 2018 on behalf of the Term Lender Group. As noted in our prior letter, our clients have been deeply concerned both by the Company's deteriorating operating performance and by the Delaware Court of Chancery's findings in its recent decision in *Akorn, Inc. v. Fresenius Kabi Ag* (2018 WL 4719347 (Del. Ch. Oct. 1, 2018)). Our clients believe the Court of Chancery's findings may have significant implications under the terms of the Loan Agreement and the other Loan Documents, including without limitation Sections 5.01, 5.02, 5.03 and 5.07, as well as Article VII. As before, all rights and remedies under the Loan Documents are expressly reserved in that respect. Our clients therefore requested that the Company, its management, and the board begin a constructive dialogue with its most senior lenders now, including entering into a customary form of advisor non-disclosure agreement with Jones Day in order to more easily facilitate information access and a constructive working relationship. The Company has apparently declined to respond.

Since we sent our prior letter, and only two days after hearing oral argument, the Delaware Supreme Court affirmed the Court of Chancery's decision allowing Fresenius to terminate its merger agreement with Akorn. Case No. 535, 2018 (Del. Dec. 7, 2018). The Supreme Court expressly ruled that the "factual record adequately supports the Court of Chancery's determination . . . that Akorn ha[s] suffered a material adverse effect" and that "the record adequately supports

NAI-1505737952v6

JONES DAY

Mr. Duane Portwood
December 11, 2018
Page 2

the Court of Chancery's declaration that . . . Akorn[] breach[ed] its regulatory representations and warranties g[iving] rise to an MAE."

Now, yesterday, we saw that Akorn's CEO for the past eight years, Raj Rai, has announced that he is stepping down from the Company. Moreover, Mr. Rai has agreed that his departure will be treated as a resignation for "good reason," which we understand means that Mr. Rai will not be entitled to a cash severance payment.

Given the Supreme Court's decision, the departure of the Company's CEO for "good reason," and the state of business operations, Akorn's failure to engage with the Term Lender Group's prior letter is no longer acceptable. Last week alone, Akorn's stock price dropped nearly 40%, and since mid-August of this year it is down by over 75%. And all the while Akorn has repeatedly announced deteriorating operational performance.

Attached is a non-disclosure agreement. Please review, provide comments and return no later than December 14, 2018. Once that is in place, we can discuss the timing and place for in-person meetings with management and its advisors. At the meeting, among other issues, the Term Lender Group would like us to discuss the following with the Company:

- Cost cutting plans and initiatives

- Liquidity and the ABL

- Update on discussions with the FDA

- Plans for future regulatory compliance

- Pipeline and associated manufacturing facilities

- Cause and impact of 2017-2018 declines

We will provide a more detailed list of topics in advance of the meeting.

As we noted in our prior letter, we hope that the Company will welcome this opportunity to initiate and pursue constructive, cooperative, and transparent discussions with the Term Lender Group, who represent the Company's senior stakeholders.

\*       \*       \*

JONES DAY

Mr. Duane Portwood
December 11, 2018
Page 3

    Please note that all of the Term Lender Group's rights under the Loan Agreement, the other Loan Documents, and applicable law are hereby expressly reserved in all respects.

Sincerely

Scott J. Greenberg

cc (via e-mail): Term Lender Group