

CORPORATION SERVICE COMPANY

## Notice of Service of Process

WCE / ALL
Transmittal Number: 14923291
Date Processed: 03/17/2016

| | |
|---|---|
| Primary Contact: | Sara Ames<br>Akorn, Inc.<br>1925 West Field Court<br>Suite 300<br>Lake Forest, IL 60045 |
| Copy of transmittal only provided to: | Doreen Wiman |
| Entity: | Akorn Inc.<br>Entity ID Number 3120934 |
| Entity Served: | Akorn, Inc. |
| Title of Action: | Merry A Kogut vs. Akorn Inc |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Class Action |
| Court/Agency: | East Baton Rouge Parish District Court, Louisiana |
| Case/Reference No: | C646174 |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 03/16/2016 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Robert E. Tarcza<br>504-525-6696 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

/51

2402-16-001454

# CITATION

**MERRY A KOGUT**
(Plaintiff)

vs.

**AKORN INC, ET AL**
(Defendant)

NUMBER C646174 SECTION 24

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO: **TERRY RAPPUHN**
**IN HIS OFFICIAL CAPACITY AS**
**DIRECTOR OF AKORN, INC.**
**320 SOMERULOS STREET**
**BATON ROUGE, LOUISIANA 70902**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **14-MAR-2016**.



Sharon Zito
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: ROBERT EMMET TARCZA

*The following documents are attached:
**CLASS ACTION COMPLAINT FOR EQUITABLE AND INJUNCTIVE RELIEF;**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:   $_____
MILEAGE:   $_____
TOTAL:     $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2402

**RECEIVED**
MAR 1 5 2016


EBR3521898



Billed

COST OK $ _____

**MAR - 8 2016**

NINETEENTH JUDICIAL DISTRICT COURT

DEPUTY CLERK OF COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 646174

**SEC. 24**

DIVISION "___"

MERRY A. KOGUT,
on Behalf of Herself and All Others Similarly Situated,
Plaintiff,

v.

AKORN, INC., JOHN KAPOOR, KENNETH ABRAMOWITZ, RONALD JOHNSON, STEVEN MEYER, ADRIENNE GRAVES, TERRY RAPPUHN, BRIAN TAMBI and ALAN WEINSTEIN,

Defendants

FILED: _____                                      _____
                                                              DEPUTY CLERK

## CLASS ACTION COMPLAINT
## FOR EQUITABLE AND INJUNCTIVE RELIEF

Plaintiff Merry A. Kogut ("Plaintiff"), by the undersigned attorneys, submits this Class Action Complaint for Equitable and Injunctive Relief (the "Complaint") against the defendants named herein, and alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, a review of public filings, press releases and reports, and an investigation undertaken by Plaintiff's counsel, as to all other allegations herein, is follows:



### NATURE OF THE ACTION

1.  This is a class action brought by Plaintiff, a shareholder of defendant Akorn, Inc. ("Akorn" or the "Company"), on her own behalf and on behalf of other similarly situated Akorn shareholders (the "Class," as defined herein), seeking equitable and injunctive relief.

2.  Although Akorn is a publicly traded company, it has not published accurate quarterly or annual financial statements, or held an annual meeting of shareholders, since May 2014 – more than 20 months ago. Consequently, Plaintiff and the other shareholders of Akorn have virtually no current information regarding the Company they own.

3.  Akorn has acknowledged that it has been delinquent in providing its shareholders with crucial information about the Company, including accurate financial statements for fiscal years 2014 and 2015. With respect to the outstanding financial statements, the Company has stated that "Akorn continues to work to complete the previously disclosed restatement of its 2014

REC'D C.P.

REC'D C.P. MAR -9 2016

MAR 1 0 2016 FAX COPY FILED 2-23-16
                ORIGINAL FILED 3-8-16

1

quarterly and audited annual financials and it is the company's goal to file restated 2014 financial results with the SEC by the end of the first quarter of 2016" (*See* Nov. 4, 2015 Press Release) and that Akorn has a "goal of regaining compliance with timely financial reporting requirements by May 9, 2016" (*See* Jan. 14, 2016 Press Release).

4. With respect to when the Company might hold an annual meeting of its shareholders, on January 8, 2016, Akorn filed with the Securities and Exchange Commission ("SEC") a Form 8-K reporting that it "intend[s] to hold an annual meeting of stockholders promptly after we regain compliance with appropriate SEC filing requirements." More recently, the Company stated that it "plans to hold a combined annual meeting for the fiscal years ended 2014 and 2015 promptly following the filing of all necessary periodic reports with the SEC" (*See* Jan. 14, 2016 Press Release).

5. Akorn has offered its shareholders no assurance that it will actually meet its self-described "goals" or actually hold an annual meeting anytime in the foreseeable future. Accordingly, through this action, Plaintiff seeks the intervention of the Court, in its role as a court of equity, to compel the Company to provide Plaintiff and the other shareholders of Akorn with the financial information to which they are entitled as owners of the Company and to compel Akorn and its Board of Directors (the "Board") promptly to schedule, provide notice of, and hold an annual meeting of shareholders.

**PARTIES**

6. Plaintiff is a shareholder of Akorn and has been a shareholder of Akorn continuously since 2011. Plaintiff is a citizen of the State of Washington.

7. Defendant AKORN is incorporated in Louisiana and maintains its principal executive offices at 1925 W. Field Court, Suite 300, Lake Forest, Illinois 60045. According to public filings, Akorn is "a specialty pharmaceutical company that develops, manufactures and markets generic and branded prescription pharmaceuticals as well as animal and over-the-counter ('OTC') consumer health products."

8. Defendant JOHN KAPOOR ("Kapoor"), in his official capacity as Chairman of the Board of Akorn, has served as the Chairman of the Board of Akorn since 1990 and on information and belief is a citizen of the State of Illinois.

9. Defendant KENNETH ABRAMOWITZ ("Abramowitz"), in his official capacity as a director of Akorn, has served as a director of Akorn since 2010 and on information and belief is a citizen of the State of Connecticut.

10. Defendant RONALD JOHNSON ("Johnson"), in his official capacity as a director of Akorn, has served as a director of Akorn since 2003 and on information and belief is a citizen of the State of California.

11. Defendant STEVEN MEYER ("Meyer"), in his official capacity as a director of Akorn, has served as a director of Akorn since 2009 and on information and belief is a citizen of the State of Illinois.

12. Defendant ADRIENNE GRAVES ("Graves"), in her official capacity as a director of Akorn, has served as a director of Akorn since 2012 and on information and belief is a citizen of the State of California.

13. Defendant TERRY RAPPUHN ("Rappuhn"), in his official capacity as a director of Akorn, has served as a director of Akorn since April 2015 and on information and belief is a citizen of the State of Tennessee.

14. Defendant BRIAN TAMBI ("Tambi"), in his official capacity as a director of Akorn, has served as a director of Akorn since 2009 and on information and belief is a citizen of the State of Illinois.

15. Defendant ALAN WEINSTEIN ("Weinstein"), in his official capacity as a director of Akorn, has served as a director of Akorn since 2009 and on information and belief is a citizen of the State of Illinois.

16. Defendants Kapoor, Abramowitz, Johnson, Meyer, Graves, Rappuhn, Tambi and Weinstein are collectively referred to hereinafter as the "Director Defendants."

## SUBSTANTIVE ALLEGATIONS

17. As a public company, Akorn historically published quarterly press releases, held quarterly conference calls, and filed quarterly and annual reports with the SEC to provide its shareholders with financial statements and other material information about the Company. The Company also routinely held an annual meeting of its shareholders.

18. On March 17, 2015, however, Akorn filed with the SEC a Form 10-K which disclosed that the Company's previously issued financial statements for the second and third quarters of fiscal year 2014 were inaccurate and had to be restated. In a Form 8-K filed

concurrently with the Form 10-K, Akorn disclosed that it had "concluded there were certain material weaknesses in internal control over financial reporting, including an additional material weakness that it had inadequate controls in place to prevent or detect material errors in the financial statements of acquired subsidiaries," and that its "disclosure controls and procedures were not effective as of December 31, 2014, due to these material weaknesses in its internal control over financial reporting." Based on the above, the Audit Committee of the Board (the "Audit Committee") concluded that the Company's previously issued second and third quarter 2014 financial statements "should not be relied upon" and needed to be restated.

19.  At the time the Form 10-K was filed the Company reported that it had to restate its previously issued second and third quarter 2014 financial statements because "an error was identified in the fair value allocation of assets acquired and liabilities assumed in connection with the acquisition of Hi-Tech Pharmacal Co., Inc." At that time, the Company categorized the error as an "overstatement in the chargeback reserve" caused by "a manual error made in preparing the data related to the chargeback reserve whereby there was a duplication of inventory units held by one customer utilized in the calculation of the reserve amount for Hi-Tech products at the acquisition date." Correction of the error "resulted in a reduction of previously reported revenue by approximately $8.9 million, a reduction of previously reported pre-tax income by approximately $8.9 million and a reduction of previously reported net income, goodwill and retained earnings by approximately $5.6 million, for the Company's three and six month periods ended June 30, 2014."

20.  On April 24, 2015, Akorn reported that it would make additional financial restatements, this time to correct the previously issued financial statements for the second and third quarters of 2014 (again), as well as for the fourth quarter and full year of fiscal year 2014 (ended December 31, 2014). At that time, the Company reported that "based on management's preliminary assessment, the errors related to the understatements of rebates and other sales allowances are estimated to have resulted in an overstatement to net revenue and pretax income from continuing operations of $20 million to $35 million for the year ended December 31, 2014," but that the "estimated impact of the errors could materially change based on further review and analysis of the affected periods, including due to potential identification of other errors." The Company further announced that the Audit Committee would be "conducting an

4

independent investigation into the circumstances surrounding the errors that resulted in the misstatements, which will involve retaining outside advisors to assist in the investigation."

21. Also on April 24, 2015, the Company reported that the Audit Committee concluded that the Company's previously issued financial statements for the identified periods should no longer be relied upon, and that "management's report on the effectiveness of internal control over financial reporting as of December 31, 2014 should no longer be relied upon." Additionally, Akorn informed its shareholders that the opinion of its "independent registered public accounting firm, KPMG LLP ('KPMG') on the consolidated financial statements for the year ended December 31, 2014, as well as KPMG's opinion on the effectiveness of the Company's internal control over financial reporting as of December 31, 2014, should no longer be relied upon."

22. On November 4, 2015, Akorn provided a "Business and Financial Guidance Update" advising that it expected to file its restated 2014 quarterly and annual financial statements with the SEC "by the end of the first quarter of 2016." The Company indicated that its "estimate of the errors related to the understatements of rebates and other sales allowances, as disclosed on August 10, 2015, is estimated to have resulted in an overstatement to net revenue and pretax income from continuing operations slightly above the upper end of the $20 million to $35 million range initially estimated." The Update also disclosed that the Chicago Regional Office of the SEC "is conducting an investigation regarding the previously disclosed restatement, internal controls and other related matters," and that the U.S. Attorney's Office for the Southern District of New York "has requested information regarding these matters."

23. On January 14, 2016, Akorn issued a press release providing additional "material updates." The press release reported that the Company had engaged BDO USA, LLP ("BDO") as its independent auditors and that BDO "will be auditing the Company's financial statements for the two years ended December 31, 2015, including the restatement for 2014." Akorn also reported that it "believes that restated 2014 financials will be filed concurrently with delinquent 2015 financial reports" and that the Company "maintains its previously stated goal of regaining compliance with timely financial reporting requirements by May 9, 2016." With respect to the ongoing financial restatement, the press release reported:

> In light of the Audit Committee's findings, Akorn's management continues to evaluate the nature and scope of the company's ongoing restatements to its 2014 financial results as well as possible amendments to its disclosures. Akorn's estimate of the

> errors is estimated to have resulted in an overstatement to net revenue and pretax income from continuing operations of approximately $35 million for the year ended December 31, 2014. These estimates are based on management's ongoing assessments and are subject to the completion of the restatement and the audit of the restated financial statements for the year ended December 31, 2014.
>
> Akorn's management is considering the company's prior conclusions of the adequacy of its internal control over financial reporting and disclosure controls and procedures, and related material weaknesses in such controls. Akorn intends to amend certain prior disclosures pertaining to its evaluation of such controls and procedures, and material weaknesses, as appropriate in connection with any amended filings, and will consider whether any further remedial measures may be advisable.

24. Also on January 14, 2016, Akorn filed with the SEC a Form 8-K reporting that the Audit Committee had dismissed KPMG as the Company's independent auditors, and that KPMG had advised the Company that "information has come to its attention, that if further investigated may significantly impact [the Company's] unaudited condensed consolidated financial statements for the quarter ended March 31, 2014 and [the Company's] audited consolidated financial statements for the year ended December 31, 2013." As further detailed in the Form 8-K, KPMG also advised the Company that, due to its dismissal as the Company's independent auditors, "it did not have the opportunity to expand the scope of its audit, conduct further procedures, evaluate the investigation … or complete its process," and that "KPMG has not had an opportunity to conduct its procedures or conclude that it was satisfied with the investigation or that any remediation has taken place."

25. Less than two weeks later, KPMG filed with the SEC its own Form 8-K/A containing "clarifications" to the Company's January 14, 2016 Form 8-K statements. Among other things, KPMG's January 27, 2016 Form 8-K/A "clarified" for stockholders the following:

> The information referenced by the Company … that had come to our attention relates to errors identified by the Company related to understatements of rebates and other sales allowances which have resulted in an overstatement to net revenue and pretax income from continuing operations for the year ended December 31, 2014, and two additional accounting matters identified by the Company's investigation that warranted further investigation and review: (i) customer payment term modifications and related revenue recognition practices, timing and disclosures for 2013 through 2015, and (ii) returns processing delays in 2015. *We advised the Company that this information necessitated a significant expansion of the scope of our audits*, and that information discovered in the Company's investigation or in our expanded audit procedures may: (i) materially impact the fairness or reliability of the Company's unaudited condensed consolidated financial statements as of and for the three months ended March 31, 2014 and consolidated financial statements as of and for the

6

> year ended December 31, 2013 or (ii) cause us to be unwilling to rely on management's representations or to be associated with the Company's financial statements, including the previously audited financial statements as of and for the year ended December 31, 2013.

(Emphasis added).

26. As of the date of this Complaint, Akorn has not filed with the SEC nor otherwise published accurate quarterly or annual financial statements since May 12, 2014 (the first quarter of fiscal year 2014) – more than 20 months ago.

27. In addition to its failure to file accurate financial statements, Akorn also has not held an annual meeting of its shareholders since May 2, 2014 – also more than 20 months ago – and the Board has not designated a date or time for an annual meeting.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on her own behalf and as a class action on behalf of those who hold shares of Akorn common stock (the "Class"). Excluded from the Class are the directors and officers of Akorn and any person, firm, trust, corporation, or other entity related to, or affiliated with the directors and officers of Akorn.

29. This action is properly maintainable as a class action.

30. The Class is so numerous that joinder of all members is impracticable. As of February 27, 2015, there were more than 113 million shares of Akorn common stock outstanding. Upon information and belief, there are thousands of members of the Class.

31. There are questions of law and fact which are common to the Class, including, but not limited to, whether Plaintiff and the Class are entitled to the injunctive relief requested herein.

32. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

33. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual Class members that would establish incompatible standards of conduct for Akorn.

34. Akorn has acted or refused to act on grounds that apply generally to the Class, such that injunctive relief is appropriate respecting the Class as a whole.

35. The questions of law and fact common to the members of the Class predominate over any questions affecting only its individual members, such that a class action is superior to any other available method for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

### Against Defendant Akorn
### for Injunctive Relief Regarding Financial Statements

36. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

37. As the owners of Akorn, Plaintiff and the members of the Class are entitled to current information regarding Akorn's operational and financial performance, including current financial statements.

38. As a court of equity, this Court has the power and authority to compel Akorn to provide Plaintiff and the members of the Class with the information to which they are entitled as owners of the Company.

39. Pursuant to its equitable authority, this Court should order Akorn to: (i) publish accurate operational reports and financial statements for all quarterly and annual periods since the quarterly period ended March 31, 2014; and (ii) take whatever measures are reasonably necessary to ensure that Akorn publishes timely and accurate operational reports and financial statements for all quarterly and annual periods going forward.

## SECOND CAUSE OF ACTION

### Against the Director Defendants
### for Injunctive Relief Regarding the Annual Meeting

40. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

41. Section 2 of the "By-Laws of Akorn, Inc." (the "Bylaws") provides that "[t]he annual meeting of shareholders for the election of directors, and the transaction of other business, shall be held at least once in each calendar year, on a date fixed by the Board of Directors."

42. In violation of the Bylaws, the Board: (i) did not hold an annual meeting of shareholders during calendar year 2015; and (ii) has not designated a date or time for an annual meeting of Akorn stockholders for more than 20 months.

43. Pursuant to its equitable authority, this Court should order the Director Defendants promptly to schedule, provide notice of, and hold an annual meeting of Akorn shareholders.

### THIRD CAUSE OF ACTION

### Against Defendant Akorn
### to Compel an Annual Meeting

44. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

45. Pursuant to La R.S. § 12:1-701, Akorn is required to hold an annual meeting of shareholders "annually at a time stated in or fixed in accordance with the [Company's] bylaws." Specifically, La R.S. § 12:1-701(A) provides that "[u]nless directors are elected by written consent in lieu of an annual meeting as permitted by R.S. 12:1-704, a corporation shall hold a meeting of shareholders annually at a time stated in or fixed in accordance with the bylaws or, if not so stated or fixed, as stated or fixed in accordance with a resolution of the board of directors."

46. Section 2 of Akorn's Bylaws provides that "[t]he annual meeting of shareholders for the election of directors, and the transaction of other business, shall be held at least once in each calendar year, on a date fixed by the Board of Directors."

47. Akorn has not held an annual shareholders' meeting to elect directors within the last 20 months, and during that time period there has been no action by written consent to elect Akorn directors in lieu of an annual meeting.

48. Pursuant to La R.S. § 12:1-703(A):

> The district court of the parish where a corporation's principal office or, if none in this state, its registered office, is located may in a summary proceeding order a meeting to be held at upon either of the following: ... (1) On application of any shareholder of the corporation if an annual meeting was not held or action by written consent in lieu thereof did not become effective within the earlier of six months after the end of the corporation's fiscal year or fifteen months after its last annual meeting.

49. To remedy Akorn's foregoing violation of Louisiana law, the Court should order Akorn promptly to schedule, provide notice of, and hold an annual meeting of Akorn shareholders.

50. In the alternative, Plaintiff asks the Court to act under La R.S. § 12:1-703(B), which permits the Court to, among other things, set the time and place for an annual meeting of Akorn shareholders:

The court may fix the time and place of the meeting, determine the shares entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the form and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting or direct that the votes represented at the meeting constitute a quorum for action on those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Certifying this action as a class action and Plaintiff as Class representative;

B. Ordering Akorn to publish accurate operational reports and financial statements for all quarterly and annual periods since the quarterly period ended March 31, 2014;

C. Ordering Akorn to take whatever measures are reasonably necessary to ensure that Akorn publishes timely and accurate operational reports and financial statements for all quarterly and annual periods going forward;

D. Ordering the Director Defendants and Akorn to convene and hold an annual meeting of Akorn shareholders no later than sixty (60) days from the date of the Order, and designating the time and place of the annual meeting, as well as the form and timing of notice to be provided to Akorn shareholders;

E. Awarding Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accounts' and experts' fees, costs and expenses; and

F. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 21, 2016

TARCZA & ASSOCIATES, LLC

By: /s/ Robert E. Tarcza
Robert E. Tarcza (LA Bar #12655)
1310 Whitney Building
228 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 525-6696
Fax: (504) 525-6701

Of Counsel:

KESSLER TOPAZ
  MELTZER & CHECK LLP
Eric L. Zagar (PA Bar # 76596)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Plaintiff*

FILED EAST BATON ROUGE PARISH, LA
2016 MAR -8 PM 12:10
DEPUTY CLERK OF COURT

CERTIFIED TRUE AND CORRECT COPY
MAR 14 2016
East Baton Rouge Parish
Deputy Clerk of Court

10

**SERVICE INSTRUCTIONS:**

*Please serve:*

**AKORN INC.**
Through its agent for service of process
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**JOHN KAPOOR**
in his official capacity as
**Chairman of the Board of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**KENNETH ABRAMOWITZ**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**RONALD JOHNSON**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**STEVEN MEYER**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**ADRIENNE GRAVES**
in her official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**TERRY RAPPUHN**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**BRIAN TAMBI**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902

**ALAN WEINSTEIN**
in his official capacity as
**Director of Akorn, Inc.**
320 Sumerulos Street
Baton Rouge, LA 70902