EAST BATON ROUGE PARISH   C-646174
Filed Dec 23, 2019 3:11 PM        24
Deputy Clerk of Court

| | |
|---|---|
| MERRY A. KOGUT, Individually and on Behalf of Defendant Akorn, Inc., | * DOCKET NO. 646,174, Div. "I" Sec. "24" |
| | * |
| | * |
| Plaintiff, | * 19th JUDICIAL DISTRICT COURT |
| | * |
| v. | * |
| | * PARISH OF EAST BATON ROUGE |
| AKORN, INC., et al., | * |
| | * |
| Defendants. | * STATE OF LOUISIANA |

## PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SHAREHOLDER DERIVATIVE SETTLEMENT

Plaintiff Merry A. Kogut ("Plaintiff") respectfully moves the Court pursuant to La. R.S. § 12:1-745(A) and Local District Court Rule 9.8(f) for entry of an agreed-upon order (the proposed "Final Order and Judgment") submitted concurrently herewith granting final approval of the settlement (the "Settlement") of the above-captioned shareholder derivative action (the "Action") as memorialized in the Stipulation and Agreement of Settlement dated December 12, 2019.

WHEREFORE, for the reasons explained in the attached Memorandum of Law in Support and the accompanying declarations of Plaintiff's counsel, Plaintiff prays that that the Court finally approve the Settlement, and that the Court enter the proposed Final Order and Judgment.

Dated: December 23, 2019

Respectfully submitted,

Robert E. Tarcza (LA Bar #12655)
**TARCZA & ASSOCIATES, LLC**
330 Carondelet Street, Suite 300
New Orleans, Louisiana 70130
Telephone: (504) 525-6696
Fax: (504) 525-6701

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Eric L. Zagar
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Fax: (267) 948-2512

*Counsel for Plaintiff*

| | |
|---|---|
| MERRY A. KOGUT, Individually and on Behalf of Defendant Akorn, Inc., | * DOCKET NO. 646,174, Div. "I" Sec. "24" |
| | * |
| | * |
| Plaintiff, | * 19th JUDICIAL DISTRICT COURT |
| | * |
| v. | * |
| | * PARISH OF EAST BATON ROUGE |
| AKORN, INC., et al., | * |
| | * |
| Defendants. | * STATE OF LOUISIANA |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This Court having considered the Stipulation and Agreement of Settlement, fully executed on December 12, 2019, including all exhibits thereto (the "Stipulation"), among: (i) Merry A. Kogut ("Plaintiff"), individually and on behalf of Nominal Defendant Akorn, Inc. ("Akorn" or the "Company"); (ii) Nominal Defendant Akorn; and (iii) John Kapoor, Kenneth S. Abramowitz, Ronald M. Johnson, Steven J. Meyer, Adrienne Graves, Terry Rappuhn, Brian Tambi, Alan Weinstein, Rajat Rai, Timothy Dick, Joseph Bonaccorsi, David Hebeda, Bruce Kutinsky, Steven Lichter, Duane A. Portwood, and Mark Silverberg (the foregoing individuals, the "Individual Defendants," and together with Akorn, the "Defendants"), and having held a hearing on January 22, 2020; and having considered all of the submissions and arguments with respect thereto, and for the reasons stated on the record:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      As used in this Final Order and Judgment ("Judgment"), the following terms have the meanings specified below.

(a)      "Demands" means Plaintiff's demands on the Board of Directors of Akorn dated February 23, 2016, and May 22, 2018.

(b)      "Effective Date" means the first date by which this Judgment, having been entered, shall have become Final.

(c)      "Fee and Expense Award" means the agreement set forth in ¶ 5.1 of the Stipulation.

(d)      "Final" means the time when this Judgment, having been entered, has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because

of passage, without action, of time for seeking appellate review.  More specifically, it is that situation when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the above-captioned action (the "Action"); or (2) an appeal has been filed and the court of appeals has/have either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

      (e)    "Notice" means the notice of proposed settlement provided by Akorn to its stockholders.

      (f)    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

      (g)    "Plaintiff's Counsel" means Kessler Topaz Meltzer & Check, LLP and Tarcza & Associates, LLC.

      (h)    "Related Persons" means each of a Person's spouses, heirs, executors, estates, or administrators, each of a Person's present and former attorneys, legal representatives, and assigns in connection with the Action, and all of a Person's past and present directors, officers, agents, advisors (including, for the avoidance of doubt, financial and legal advisors), employees, affiliates, predecessors, successors, and parents.

      (i)    "Released Claims" means Released Plaintiff's Claims and Released Defendants' Claims.

      (j)    "Released Defendants' Claims" means any and all actions, suits, claims, demands, rights, liabilities, causes of action, obligations, duties, losses, damages, costs, debts, expenses, interest, penalties, sanctions, fees (including, for the avoidance of doubt, attorneys' fees), agreements, judgments, decrees, matters, issues, and controversies of any

kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, matured or not matured, liquidated or not liquidated, including both known claims and Unknown Claims, that have been or that might have been asserted by the Released Persons against Plaintiff, Plaintiff's Counsel, or any Akorn stockholder or their counsel arising out of the institution, prosecution, settlement, or resolution of the Action or the Demands. Released Defendants' Claims shall not include any claims to enforce the Settlement.

(k)    "Released Persons" shall mean and include (i) each of the Individual Defendants; (ii) Akorn; and (iii) each and all of the foregoing Persons' Related Persons. Notwithstanding the foregoing, however, Released Persons shall not include former Akorn employee Amir S. Takla or any of his spouses, heirs, executors, estates, or administrators.

(l)    "Released Plaintiff's Claims" means any and all actions, suits, claims, demands, rights, liabilities, causes of action, obligations, duties, losses, damages, costs, debts, expenses, interest, penalties, sanctions, fees (including, for the avoidance of doubt, attorneys' fees), agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, matured or not matured, liquidated or not liquidated, including both known claims and Unknown Claims, that have been or that might have been asserted by Plaintiff and/or any Akorn stockholder against any Released Persons derivatively, or otherwise pursuant to the internal affairs doctrine under the law of the State of Louisiana, based upon or related to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged in the Action or the Demands. Notwithstanding the foregoing, however, Released Plaintiff's Claims shall not include: (i) any claims to enforce the Settlement or (ii) any claims against former Akorn employee Amir S. Takla, his spouses, heirs, executors, estates, administrators or anyone acting in concert with him based upon the facts, transactions, events, occurrences, acts,

disclosures, statements, omissions or failures to act alleged in *Akorn, Inc. v. Amir S. Takla*, No. SOM-L-001620-19 (N.J. Super. Ct.).

(m)    "Settlement" means the settlement documented in the Parties' Stipulation of December 12, 2019.

(n)    "Unknown Claims" means any and all Released Plaintiff's Claims which Plaintiff, Akorn or any Akorn stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, and any and all Released Defendants' Claims which any Released Person does not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, Plaintiff's Counsel, Akorn, and any Akorn stockholder, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff, Individual Defendants, and Akorn, shall expressly waive, and each of Akorn's stockholders by operation of the Judgment shall be deemed to have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any foreign nation, or any principle of common or civilian law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to the Released Claims, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all of the Released Claims, whether known or unknown, disclosed or undisclosed, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, matured or not matured, liquidated or not liquidated, which now exist, or

heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

2.     This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement.

3.     The record shows that Notice has been given to current Akorn stockholders in the manner approved by the Court in its Preliminary Approval Order dated December 16, 2019.  The Court finds that such Notice: (i) meets the requirements of La. R.S. §12:1-745(a); (ii) constitutes the best notice practicable under the circumstances; (iii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all current Akorn shareholders of the pendency of the Action, the terms of the Settlement, and current Akorn shareholders' right to object to and to appear at the settlement fairness hearing held on January 22, 2020; (iv) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Louisiana law; and (v) meets the requirements of due process.

4.     The Court hereby fully and finally approves the Settlement as set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of Akorn and current Akorn shareholders.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Akorn, current Akorn shareholders, and the Individual Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

5.     The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6.     The Action is hereby dismissed in its entirety as to the Defendants, with prejudice, and without costs to any party to the Action, except as otherwise provided herein.  The parties to the Action are to bear their own costs, except as otherwise provided herein.

7.     Upon the Effective Date, Plaintiff (acting on her own behalf and derivatively on behalf of Akorn), Akorn, and each and every other Akorn stockholder claiming, now or in future, by, through, in the right of, derivatively, or on behalf of Akorn, or otherwise pursuant to the internal affairs doctrine under the law of the State of Louisiana, on behalf of themselves and their Related Persons, shall fully, finally, and forever release, relinquish, discharge, and dismiss, with prejudice,

the Released Persons from any and all Released Plaintiff's Claims, and shall forever be barred and enjoined from commencing, instituting, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Persons. In addition, Plaintiff agrees on behalf of herself and her Related Persons not to initiate, prosecute, assist in, or facilitate the prosecution of any other claims arising out of the same nucleus of operative facts giving rise to the Action or the Demands.

8.      Upon the Effective Date, each of the Released Persons shall fully, finally, and forever release, relinquish, and discharge Plaintiff, Plaintiff's Counsel, and all other Akorn stockholders and their counsel from any and all Released Defendants' Claims, and shall forever be barred and enjoined from commencing, instituting, or prosecuting any of the Released Defendants' Claims against any of Plaintiff, Plaintiff's Counsel, and all other Akorn stockholders and their counsel.

9.      Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. Notwithstanding the foregoing, the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     The Fee and Expense Award, which the Court finds to be fair, reasonable, and adequate, is hereby granted. No proceedings or court order with respect to the Fee and Expense Award shall in any way disturb or affect this Judgment (including precluding this Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Judgment.

11.     Without affecting the finality of this Judgment, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and Judgment, including but not limited to, payment of any Fee and Expense Award ordered by the Court, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12.     Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of the Parties, Akorn, or Akorn stockholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated; all Orders entered and releases delivered in connection with the Stipulation and this Judgment shall be null and void, with the exception of ¶¶ 1.1-1.18, 5.3, 6.2-6.3, 7.3-7.4, 7.6-7.9, 7.11, 7.13 and 7.14 of the Stipulation; and the Parties shall be restored to their respective positions in the Action immediately prior to the execution of the Stipulation.

14.     Pursuant to La. Code Civ. Proc. art. 1911, this Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

IT IS SO ORDERED.

DATED: December 23 2020

The Honorable Donald Johnson
19th Judicial District Court
Parish of East Baton Rouge
State of Louisiana

CERTIFIED TRUE AND
CORRECT COPY

JAN 2 3 2020

East Baton Rouge Parish
Deputy Clerk of Court