


Date: **September 09, 2019**

To: **Rebecca Dauparas**
**Arthur J. Gallagher**
**300 South Riverside Plaza**
**Chicago, IL 60606**

Re: **Akorn, Inc.**
**47-EPC-308703-01**
**September 01, 2019 – September 01, 2021**
**Excess Follow Form Policy (D&O)**

---

Dear Rebecca:

Attached please find the Excess Follow Form Policy for **Akorn, Inc.** This policy has been placed with Berkshire Hathaway Specialty Insurance Company. Please review this contract at your earliest convenience and let me know if you have any questions or concerns.

For your added convenience, a claims reporting information sheet is attached detailing the various ways to contact us in the event of a claim.

Thank you for placing your business with us. We value our relationship with you and Arthur J. Gallagher and look forward to working with you on future accounts.

If we can be of any additional assistance, please do not hesitate to call.

Sincerely,

James Houlihan
415-659-5565
James.Houlihan@bhspecialty.com

Berkshire Hathaway Specialty Insurance

United States

# CLAIMS REPORTING

**All claims under policies underwritten by Berkshire Hathaway Specialty Insurance should be reported to our centralized Loss Processing Center. Claims will be assigned to our technical staff or to one of our preferred service providers.**

Our 24-hour toll free number: **855.453.9675**

Claims may be reported via email to: **claimsnotice@bhspecialty.com**

To report claims via mail or overnight mail refer to our website: **www.bhspecialty.com/claims**

## EXPECT A PERSONAL APPROACH

While technology adds speed and efficiencies, it is top-quality people that drive top-quality claims handling. That's why we continue to grow our industry-leading claims team with the most experienced claims professionals in the business.

Moreover, at Berkshire Hathaway Specialty Insurance, our claims team makes communicating proactively with you throughout the claims process a priority. Should you face a claim, you will quickly see our response is not about drafting letters, it's about having a dialogue--and responding to your particular needs and concerns.

Whether you face a D&O claim, a property loss or a large scale casualty crisis, you will have the experts you need at your service. Putting your policy to work for you.



# Berkshire Hathaway Specialty Insurance Company

(a Stock Insurance Company)
1314 Douglas Street, Suite 1400
Omaha, NE 68102-1944

# Excess Policy

## Common Policy Declarations

**THE PAYMENT OF DEFENSE COSTS WILL REDUCE THE LIMIT OF LIABILITY UNDER THIS POLICY.**

This Declarations Page is attached to and forms part of the Policy

| | | **Policy No.:** 47-EPC-308703-01 | **Renewal of:** New |
|---|---|---|---|
| **Item 1.** | **Named Insured:** | Akorn, Inc. | |
| | **Mailing Address:** | 1925 West Field Court, Suite 300<br>Lake Forest, IL 60045 | |
| **Item 2.** | **Policy Period Effective:** | From: September 01, 2019 | To: September 01, 2021 |
| | | Both days at 12:01 a.m. local standard time at Mailing Address listed in Item 1, above. | |
| **Item 3.** | **Limits of Insurance (including Defense Costs)** | Per Claim Limit: | $5,000,000 |
| | | Aggregate Policy Limit: | $5,000,000 |
| | | Total Underlying Limit of Liability: | $5,000,000 |
| **Item 4.** | **Premiums:** | Policy Premium: | $2,000,000 |
| | | Terrorism Coverage Premium: | $0 |
| | | Total Premium: | $2,000,000 |
| **Item 5.** | **Schedule of Underlying Insurance:** | (A) Followed Policy:<br>*Carrier* XL Specialty IGR<br>*Policy Number* US00075683DO19A<br>*Limit of Liability* $5,000,000<br><br>(B) See attached Schedule of Underlying Excess Policies | |

| **Item 6.** **Notices to Insurer:** | For claims, loss or potential claims | All other notices |
|---|---|---|
| | ***By 24-hour toll free number:*** 855-453-9675<br>***By Email:*** claimsnotice@bhspecialty.com<br>***By Fax:*** 617-507-8259<br>***By Mail:*** Log on to www.bhspecialty.com/claims-reporting.html for mailing address | ***By Email:*** execandprofnotices@bhspecialty.com<br>***By Fax:*** 617-248-1618<br>***By Mail:*** Log on to www.bhspecialty.com/claims-reporting.html for mailing address |

**Item 7.** **Forms and Endorsements:** See attached Schedule

This policy is comprised of this Declarations page, the policy form and the schedules and endorsements, if any, attached at the inception or issued during the Policy Period.

**Signatures:**

**Ralph Tortorella, Secretary**

**Peter Eastwood, President**

September 09, 2019
***Dated***




**Policy No.: 47-EPC-308703-01**

**Issued to: Akorn, Inc.**

# FORMS SCHEDULE

The contents of the Policy is comprised of the following forms:

| Form Number | Endorsement Title |
|---|---|
| EP-LX-DEC-05/2017 | Excess Policy Common Policy Declarations |
| EP-FORMS-SCH-02/2015 | Forms Schedule |
| EP-AX-NLF-001-02/2014 | Excess Insurance Policy |
| EP-XS-SCH-01/2015 | Schedule Of Underlying |
| EP-XS-005-10/2013 | OFAC/Economic Sanctions |
| EP-XS-013-01/2015 | Cap On Losses From Certified Acts Of Terrorism |
| EP-XS-014-11/2013 | Premium Fully Earned At Inception |
| EP-XS-074-10/2016 | Pending And Prior Litigation Exclusion |
| EP-XS-088-10/2016 | Specific Event Exclusion |

# Berkshire Hathaway Specialty Insurance Company

1314 Douglas Street,Suite 1400,
Omaha, NE 68102-1944
(Hereinafter referred to as the **Insurer**)

## EXCESS INSURANCE POLICY

**UNLESS OTHERWISE PROVIDED BY THE UNDERLYING INSURANCE, THIS POLICY APPLIES TO CLAIMS FIRST MADE AND REPORTED DURING THE POLICY PERIOD SET FORTH IN ITEM 2. OF THE DECLARATIONS.**

In consideration of the premium payment and in reliance on any provision(s) in the **Followed Policy**, the **Insurer** has also issued this policy in reliance upon all materials and written statements, which shall be deemed attached hereto and made a part hereof, submitted by or on behalf of the **Insured(s)** or **Named Insured** to the **Insurer** or any insurer of **Underlying Insurance** in connection with the underwriting of this policy.

**I. INSURING AGREEMENT**

This policy shall provide coverage in accordance with the same terms, conditions and limitations of the **Followed Policy**, or any more restrictive provisions of the **Underlying Excess Policies**, except as otherwise set forth in this policy. The coverage obligations under this policy shall attach to the **Insurer** only after all **Underlying Insurance** has in fact been exhausted by payment, in legal currency, of loss by or on behalf of the insurers of the **Underlying Insurance**, or by or on behalf of the **Insured(s)**. The risk of uncollectability of any **Underlying Insurance** (in whole or in part) for any reason is expressly retained by the **Insured(s)**, and is not insured under this policy or assumed by the **Insurer**.

**II. DEFINITIONS**

- **a. Insurer** means Berkshire Hathaway Specialty Insurance Company.
- **b. Insured(s)** has the meaning set forth in the **Followed Policy**.
- **c. Named Insured** has the meaning set forth in Item 1. of the Declarations.
- **d. Followed Policy** means the policy identified in Item 5. (A) of the Declarations.
- **e. Underlying Excess Policies** means all policies scheduled in Item 5. (B) of the Declarations.
- **f. Underlying Insurance** means the **Followed Policy** and all of the **Underlying Excess Policies**.
- **g. Underlying Limits** means an amount equal to the total of all of the aggregate Limits of Liability, as set forth in Item 5 of the Declarations, for all **Underlying Insurance**.

**III. LIMITS OF LIABILITY**

The amount set forth in Item 3. of the Declarations shall be the maximum aggregate Limit of

Liability of the **Insurer** for all loss under this policy for any reason. If the aggregate Limit of Liability under this policy is exhausted by payment of loss, the **Insurer's** obligations under this policy shall be deemed completely fulfilled and extinguished. If any **Underlying Insurance** grants coverage subject to a liability sublimit, this policy shall not afford such coverage. The policy, however, shall recognize any reduction or exhaustion of the **Underlying Limits** by any payment under such coverage.

**IV. UNDERLYING INSURANCE CHANGE**

If, during the Policy Period as stated in Item 2. of the Declarations, there is a change to any **Underlying Insurance** which expands coverage, then this policy shall become subject to such change only if the **Insurer** agrees thereto by written agreement or by written endorsement to this policy and any additional premium is paid.

**V. SEVERABILITY OF INTERESTS**

In addition to any other clauses set forth herein, this policy shall follow any provisions in the **Followed Policy** regarding the severability and non-imputation of the statements, representations, or warranties of any **Insured(s)** and the limitations and restrictions in rescission or voidance of the **Followed Policy**.

**VI. INSURER RIGHTS**

The **Insurer** has the same rights, privileges and protections afforded to the insurer of the **Followed Policy.** The **Insurer** has the right, but not the obligation, at its sole discretion, to effectively associate with the **Insured(s)** in the defense and settlement of any claim which may attach to and be covered under this policy or any **Underlying Insurance**.

**VII. NOTICE**

Any notice provided to the **Underlying Insurance** shall also be provided to the **Insurer** under this policy, except that such notice shall be provided to the **Insurer** at either the physical or email address, both identified in Item 6. of the Declarations.

**VIII. CANCELLATION AND NONRENEWAL**

This policy shall follow, and specifically incorporates herein by reference, the conditions in the **Followed Policy** with respect to cancellation and nonrenewal, and shall comply with all of the requirements of any applicable state laws and regulations regarding cancellation and nonrenewal.



**Policy No.: 47-EPC-308703-01**

**Issued to: Akorn, Inc.**

## SCHEDULE OF UNDERLYING

**Followed Policy(ies)**

| Insurer | Policy Number | Limits | Attachment |
|---|---|---|---|
| XL Specialty IGR | US00075683DO19A | $5,000,000 | Primary |

**ENDORSEMENT 1**

**This endorsement, effective 12:01 AM:** September 01, 2019

**Forms a part of Policy No.:** 47-EPC-308703-01

**Issued to:** Akorn, Inc.

**By:** Berkshire Hathaway Specialty Insurance Company

**OFAC/ECONOMIC SANCTIONS**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**EXCESS POLICY FORM**

In consideration of the payment of the premium for this policy it is hereby understood and agreed that this policy does not provide coverage that would be in violation of the laws or regulations of the United States of America concerning trade or economic sanctions, including, but not limited to, those administered and enforced by the U.S. Treasury's Office of Foreign Asset Control (OFAC).

Payment of loss under this policy shall only be made in full and complete compliance with all United States of America economic or trade sanction laws or regulations, including, but not limited to, sanctions, laws and regulations administered and enforced by OFAC.

All other terms and conditions of this policy remain unchanged.

# ENDORSEMENT 2

**This endorsement, effective 12:01 AM:** September 01, 2019

**Forms a part of Policy No.:** 47-EPC-308703-01

**Issued to:** Akorn, Inc.

**By:** Berkshire Hathaway Specialty Insurance Company

## CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**EXCESS POLICY FORM**

If aggregate insured losses attributable to terrorist acts certified under the federal Terrorism Risk Insurance Act exceed $100 billion in a Calendar Year (January 1 through December 31) and we have met our insurer deductible under the Terrorism Risk Insurance Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

"Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in consultation with the Secretary of Homeland Security and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**1.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**2.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

All other terms and conditions of this policy remain unchanged.


Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## ENDORSEMENT 3

**This endorsement, effective 12:01 AM:** September 01, 2019

**Forms a part of Policy No.:** 47-EPC-308703-01

**Issued to:** Akorn, Inc.

**By:** Berkshire Hathaway Specialty Insurance Company

**PREMIUM FULLY EARNED AT INCEPTION**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**EXCESS POLICY FORM**

In consideration of the payment of the premium for this policy it is hereby understood and agreed that the premium set forth in Item 4 of the Declarations shall be deemed fully earned as of the earliest date of the Policy Period Effective dates set forth in Item 2 of the Declarations.

All other terms and conditions of this policy remain unchanged.




**ENDORSEMENT 4**

| | |
|---|---|
| This endorsement, effective 12:01AM: | **September 01, 2019** |
| Forms a part of Policy No.: | **47-EPC-308703-01** |
| Issued to: | **Akorn, Inc.** |
| By: | **Berkshire Hathaway Specialty Insurance Company** |

# PENDING AND PRIOR LITIGATION EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**This endorsement modifies insurance provided under the following:**

**EXCESS INSURANCE POLICY**

In consideration of the payment of the premium for this policy, it is hereby understood and agreed that, notwithstanding anything to the contrary contained within this policy or the **Followed Policy**, the **Insurer** shall not be liable to make any payment for **Loss** (as that term is defined in the **Followed Policy**) in connection with any **Claim** (as that term is defined in the **Followed Policy**) based upon, arising out of or attributable to essentially the same facts, circumstances, situations, transactions or events underlying or alleged in any litigation, any administrative or regulatory proceeding, any investigation or any alternative dispute resolution proceeding that was pending on or prior to June 01, 2018.

All other terms and conditions of this policy remain unchanged.




**ENDORSEMENT 5**

This endorsement, effective 12:01AM: **September 01, 2019**
Forms a part of Policy No.: **47-EPC-308703-01**
Issued to: **Akorn, Inc.**
By: **Berkshire Hathaway Specialty Insurance Company**

# SPECIFIC EVENT EXCLUSION

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**This endorsement modifies insurance provided under the following:**

**EXCESS INSURANCE POLICY**

In consideration of the payment of the premium for this policy, it is hereby understood and agreed that, notwithstanding anything to the contrary contained within this policy or the **Followed Policy**, the **Insurer** shall not be liable to make any payment for **Loss** (as that term is defined in the **Followed Policy**) in connection with any **Claim** (as that term is defined in the **Followed Policy**) made against any **Insured** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving, the **EVENT(S)** described below, or **Wrongful Acts** (as that term is defined in the **Followed Policy**) that are logically or causally connected by any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes as alleged or contained the **EVENT(S)** described below:

**EVENTS**

Matters involving the Fresenius Acquisition of Akorn

All other terms and conditions of this policy remain unchanged.