

# PARALLEL

## Read Your Policy Carefully

This policy is a legal contract between you and us.  The information on this page is not the insurance contract and only the actual policy provisions will control.  The policy sets forth in detail the rights and obligations of both you and us.  **It is therefore important that you read your policy carefully.**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of the policy.

This policy is signed by the President and Secretary of the insurance company and, if required by State law, this policy shall not be valid unless countersigned on the Declaration page by its authorized representative.

President                                                                                  Secretary

CPPSIGDEC 0112

IL P 001 01 04

# U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL ("OFAC") ADVISORY NOTICE TO POLICYHOLDERS

No coverage is provided by this Policyholder Notice nor can it be construed to replace any provisions of your policy. You should read your policy and review your Declarations page for complete information on the coverages you are provided.

This Notice provides information concerning possible impact on your insurance coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous:

- Foreign agents;
- Front organizations;
- Terrorists;
- Terrorist organizations; and
- Narcotics traffickers;

as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's web site – http//www.treas.gov/ofac.

In accordance with OFAC regulations, if it is determined that you or any other insured, or any person or entity claiming the benefits of this insurance has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, this insurance will be considered a blocked or frozen contract and all provisions of this insurance are immediately subject to OFAC. When an insurance policy is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments also apply.



**Wesco Insurance Company**
P.O. Box 318004, Cleveland, OH 44131 -0880
877-528-7878

## Declarations

NOTICES: THIS POLICY PROVIDES CLAIMS-MADE COVERAGE. SUCH COVERAGE IS GENERALLY LIMITED TO LIABILITY FOR **CLAIMS** FIRST MADE AGAINST INSUREDS DURING THE **POLICY PERIOD** OR, IF APPLICABLE, ANY PROVISION FOR AN EXTENSION OF THE REPORTING PROVISIONS. COVERAGE UNDER THIS POLICY IS CONDITIONED UPON NOTICE BEING TIMELY PROVIDED TO THE **INSURER** AS REQUIRED BY THIS POLICY. PLEASE READ THIS POLICY CAREFULLY AND REVIEW ITS COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.

POLICY NUMBER:       EUW1806280 00

1.   NAMED INSURED:        Akorn Pharmaceuticals
     Named Insured Address: 1925 West Field Court, Suite 300
                            Lake Forest , IL  60045

2.   **POLICY PERIOD**:     Inception:   September 1, 2019
                            Expiration:  September 1, 2021
     The **Policy Period** incepts and expires as of 12:01 A.M. at the Named Insured Address.

3.   PREMIUM:               $1,600,000

4.   LIMIT OF LIABILITY:    $5,000,000

5.   **INSURER**:           Wesco Insurance Company
     (a) **Insurer** Address: P.O. Box 318004
                            Cleveland, Ohio  44131-880
                            877-528-7878

     (b) Notice of **Claim** or circumstances:
         By E-Mail:         anaclaimsreporting@amtrustgroup.com
         By Mail:           AmTrust North America
                            233 N Michigan Ave.
                            Suite 1200
                            Chicago, IL 60601

     (c) All other notices: Euclid Executive Liability Managers, LLC
                            234 Spring Lake Drive
                            Itasca IL 60143

6. Schedule of **Underlying Insurance**

| Insurer | Policy Number | Limit of Liability |
|---|---|---|
| XL Specialty Insurance Company (primary) | US00075683DO19A | $5,000,000 |
| Berkshire Hathaway Specialty Insurance Company | 47-EPC-308703-01 | $5,000,000 |
| Endurance American Insurance Company | DOX10007587103 | $5,000,000 |

*[signature]*

_____
AUTHORIZED REPRESENTATIVE

# Excess Insurance Policy

## I. Insuring Agreement

The **Insurer** in consideration of the premium charged and in reliance upon all applications, documents and information provided or made available to it by or on behalf of the **Insured**, and subject to all of the terms, and conditions of the **Underlying Insurance** and this policy, including any endorsements, agrees with the **Insured** that the **Insurer** shall pay **Loss** arising from a **Claim** for a **Wrongful Act** first made during the **Policy Period** shown in Item 2 of the Declarations.

## II. Definitions

The following terms whenever set forth in boldface type in this policy, whether singular or in the plural, shall have the meaning indicated.

A. **Insured** means any natural person or entity designated as insured in the **Underlying Insurance**.

B. **Insurer** means the insurance company set forth in Item 5 of the Declarations

C. **Policy Period** means the period of time from the inception date set forth in Item 2 of the Declarations to the earlier of the expiration date set forth in Item 2 of the Declarations or the effective date of cancellation of this policy. In the event of cancellation of this policy, the effective date of cancellation shall replace the expiration date in Item 2 of the Declarations.

D. **Underlying Insurance** shall mean the policies and their respective limits of liability listed in the Schedule of **Underlying Insurance**.

E. The terms **Wrongful Act**, **Loss** and **Claim** shall each have the same meaning as defined in the **Underlying Insurance**.

## III. Limits of Liability

A. The **Insurer** shall be liable to pay **Loss** not exceeding the Limit of Liability shown in Item 4 of the Declarations, only after the limits of liability shown in the Schedule of **Underlying Insurance** have been exhausted by any combination of payments for **Loss** by:

1. the insurer(s) constituting the **Underlying Insurance**,

2. any **Insured** for any **Claims** not otherwise excluded by any of the **Underlying Insurance**, or

3. any insurer not listed in the Schedule of **Underlying Insurance**, provided that such payments are for **Claim** not otherwise excluded by any of the **Underlying Insurance** and solely as a result of the financial insolvency of an insurer shown in the Schedule of **Underlying Insurance**.

B. In the event of the reduction or exhaustion of the aggregate limits of liability of the **Underlying Insurance** by reason of **Loss** paid thereunder this policy shall, in the event of reduction, continue in force in excess of the remaining amount of **Underlying Insurance**. In the event of total exhaustion of the limits of liability shown in the Schedule of **Underlying Insurance**, this

policy shall continue in force as primary insurance, excess of the retention or deductible amount set forth in the policy shown as primary in the Schedule of **Underlying Insurance** or as otherwise endorsed herein, which shall be applied to any subsequent **Loss**.

## IV. Maintenance of Underlying Insurance

A. Except as otherwise provided herein, including any endorsement attached to and made part of this policy, this policy is subject to the same terms, conditions, definitions, other provisions and endorsements set forth in the **Underlying Insurance** as each such policy has been represented to the **Insurer** as or to be issued, or as may be amended at a later time to restrict coverage. In the event of any conflicting terms or conditions contained in any of the **Underlying Insurance** this policy shall provide coverage in accordance with the terms and conditions of the latter of the policies listed in the Schedule of **Underlying Insurance** which contain such conflict. Any changes made to the **Underlying Insurance** to expand or broaden the scope of coverage shall only be effective as part of this policy upon written confirmation of acceptance by the **Insurer**.

B. The **Underlying Insurance** shall be maintained in full effect while this policy is in force, except for any reduction of the limits of liability contained therein as provided for in Section III.B. above. Such maintenance shall be a condition precedent to the attachment of any liability of the **Insurer** under this policy. To the extent that any **Underlying Insurance** is not maintained in full effect while this policy is in force, the **Insured** shall be deemed to be self-insured for the amount of the limit of liability of the **Underlying Insurance,** which is not so maintained.

## V. Notice

A. The **Insured** shall provide notice to the **Insurer** at the address shown in item 5 (b) of the Declarations of any matter noticed to or required to be noticed pursuant to the insurer(s) constituting the **Underlying Insurance** and in accordance with the provisions of the **Underlying Insurance**.

B. In addition to any matter that requires notice in accordance with the provisions of any **Underlying Insurance**, the **Insured** shall provide notice to the **Insurer** of the cancellation of or any changes to any **Underlying Insurance** subsequent to the inception date shown in Item 2 of the Declarations.

| | |
|---|---|
| **ENDORSEMENT NUMBER** | 1 |
| **NAMED INSURED** | Akorn Pharmaceuticals |
| **POLICY NUMBER** | EUW1806280 00 |
| **EFFECTIVE DATE** | September 1, 2019 |

## FULLY EARNED PREMIUM ENDORSEMENT

It is agreed that in the event of cancellation of this policy by the **Insured**, the premium shall be fully earned and there shall be no return premium due the **Insured**

| | | |
|---|---|---|
| PBJX0058 | PAGE 1 OF 1 | ED 0714 |

| | |
|---|---|
| **ENDORSEMENT NUMBER** | 2 |
| **NAMED INSURED** | Akorn Pharmaceuticals |
| **POLICY NUMBER** | EUW1806280 00 |
| **EFFECTIVE DATE** | September 1, 2019 |

## SPECIFIC EVENT EXCLUSION

The **Insurer** shall not be liable to pay any **Loss,** in whole or in part of, from any **Claim** made against any **Insured** alleging, arising out of, based upon or attributable the following:

1. any matter set forth in Part II, Item 8, Note 19 - "Legal Proceedings" of the Company's 10-K Filing on 3/1/19 and Form 8-K filed on 5/7/19

2. any matters related to Claims Number(s) US00072119DO17, US00079702DO17, US00066396DO16, ELU028513 and ELU024968 in the AXA XL Loss Runs dated 8.27.19

3. any matters related to any FDA warnings, investigations or actions prior to the inception of this policy

4. any demand, suit, litigation or other proceeding pending at, or any order, decree or judgment entered against any **Insured**, pending on or prior to 9/1/19, or any act, error, omission, fact, circumstance or situation underlying or alleged therein; or

including but not limited to any **Wrongful Act** or Interrelated **Wrongful Acts**, facts, or circumstances, which have as a common nexus any **Wrongful Act** or **Interrelated Wrongful Acts**, facts, or circumstances related to matters set forth above.

Section II. Definitions E. is deleted in its entirety and replaced with the following

E. The terms **Wrongful Act**, **Interrelated Wrongful Acts**, **Loss** and **Claim** shall each have the same meaning as defined in the **Underlying Insurance**.