## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: Akorn Inc., et al.

| | |
|---|---|
| 199SEIU National Benefit Fund, et al.<br><br>Appellants,<br><br>v.<br><br>Official Committee of Unsecured Creditors of Akorn Inc., et al.<br><br>Appellees | Civil Action 20-1254<br><br><br><br>Bankruptcy Case No. 20-11177 (KBO)<br>Bankruptcy BAP No. 20-29 |

**MOTION OF 1199SEIU BENEFIT FUNDS, DC47 FUND AND SBA FUND FOR LEAVE TO FILE PORTIONS OF DESIGNATED APPELLATE RECORD UNDER SEAL**

1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU National Benefit Fund for Home Care Workers, and 1199SEIU Licensed Practical Nurses Welfare Fund, all of which are jointly administered health and welfare funds (together, "1199SEIU Benefit Funds"), AFSCME District Council 47 Health and Welfare Fund ("DC47 Fund") and Sergeants Benevolent Association Health and Welfare Fund ("SBA Fund")[1] by and through undersigned counsel Obermayer Rebmann Maxwell & Hippel LLP, respectfully state the following in support of this motion (the "Motion to Seal").

**Relief Requested**

1. By this Motion to Seal, and pursuant to section 107(b) of the title 11 of the United States Code (the "Bankruptcy Code"), Rules 8009, 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Rule 7.1.2 of the Local Rules of Civil Procedure in the United State District

---

[1] 1199SEIU Benefit Funds, DC47 Fund and SBA Fund are referred to collectively as the "Appellants."

Court for the District of Delaware (the "Delaware Rules"), the Appellants seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Appellants to file and designate certain portions (described below) of the appellate record under seal.

## Jurisdiction And Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion to Seal is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The United States District Court for the District of Delaware (the "Court") has jurisdiction over appeals from the Bankruptcy Court pursuant to 28 U.S.C. §158.

4. The Appellants consent pursuant to rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. The statutory bases for the relief requested herein are 11 U.S.C. §107, Federal Rule 5.2, Bankruptcy Rule 9018 and Local Rule 9018-1.

## Background

6. On May 20, 2020, Akorn Inc. and its affiliates (the "Debtors") filed bankruptcies, jointly administered under lead case In re Akorn Inc., No. 20-11177-KBO.

7. On July 20, 2020, the Appellants signed onto a confidentiality agreement and protective order created by the Debtors (the "Protective Order").

8. Under the Protective Order, the Debtors agreed to produce potentially-confidential documents to the Appellants.

9. The Appellants were bound to use these produced documents only for the limited purposes of the Bankruptcy Case.

10. The Protective Order permitted parties to exchange documents with other parties subject to the Protective Order, and with the U.S. Trustee, and the Court.

11. A number of other parties in interest have also signed onto identical Protective Orders including the Unsecured Creditors Committee and creditor Fresenius Kabi AG.

12. The Appellants reviewed the produced documents and used a number of them in formulating an objection to confirmation and sale.

13. After consultation with the Debtors, the Appellants filed an objection to the confirmation of the Plan with exhibits under seal as "restricted documents." See (Bankruptcy DI #553) (the "Objection").

14. The Appellants also filed a motion to seal portions of the Objection, consistent with their negotiations with the Debtors. See (Bankruptcy DI #601).

15. At the hearing on confirmation of the Debtors' Plan, the Appellants introduced as evidence the following exhibits which are subject to the Protective Order (the "Exhibits")

    a. MDL-8: Investor Presentation 4.1.2.3

    b. MDL-33: 5-31-19 Strategic Alternatives Materials PJT

    c. MDL-15: 8-6-19 Board Discussion Materials

    d. MDL-9: 2020 4+8 Forecast 4.15.3

      e.   MDL-17: Director Compensation History 4.7.5

16.    The Bankruptcy Court confirmed the Debtors' Plan on September 4, 2020. See (Bankruptcy DI #673).

17.    On September 14, 2020, the Bankruptcy Court granted the Appellants' uncontested motion to seal portions of the Objection. See (Bankruptcy DI #703).

18.    On September 18, 2020, the Appellants appealed the order confirming the Plan. See (Bankruptcy DI #718).

19.    The Appellants wish to include the Objection and Exhibits in the designated appellate record.

## Basis For Relief

20.    Pursuant to Delaware Rule 7.1.2(c), motions in bankruptcy appeals must conform to the Bankruptcy and Local Rules.

21.    Pursuant to Fed. R. Bankr. P. 8009(f), a party seeking to designate a sealed document as part of the appellate record must move the court where the appeal is pending to seal that document.

22.    Bankruptcy Code Section 107(b) requires the Bankruptcy Court to protect confidential commercial information from public disclosure. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."). Once the Bankruptcy Court determines that an entity is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to

deny the application." <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994).

23. The Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" <u>In re Alterra Healthcare Corp</u>., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27–28 (2d Cir. 1994)). Commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. See <u>Orion Pictures</u>, 21 F.3d at 28.  It need only be confidential and commercial in nature. See <u>id</u>. (noting that an interested party only has to show that the information to be sealed is "confidential and commercial" in nature).

24. The movant is not required to demonstrate "good cause" to file the relevant document(s) under seal in Bankruptcy Court. Rather, if the material falls within one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." <u>Id</u>. at 27.

25. Fed. R. Civ. P. 5.2(d) permits the filing of documents under seal in this Court.

26. To overcome the presumption of public access embodied in the common law, the moving party must show that the material is of a kind which courts should protect, and that the parties' interest in secrecy outweighs the presumption of disclosure.  <u>In Re Avandia Mktg., Sales Practices and Prods. Liab. Litig.</u>, 924 F.3d 662, 674-5 (3d Cir. 2019).

27. Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal as the Objection and Exhibits contain confidential commercial information.

28. The Bankruptcy Court has already determined that the Objection contains the kind of confidential commercial material that the Bankruptcy Code protects. This preclusively establishes a sufficient factual basis to keep those documents sealed on appeal.

29. The Exhibits were already attached as sealed documents to the Objection, and are only a separate part of the record because the Exhibits were introduced separately as evidence at trial. Any factual determination that applies to the Objection should carry over to the Exhibits, which were properly-sealed exhibits to the Objection.

30. The Appellants seek to comply with their responsibilities under the Protective Order by protecting such commercial information, as determined in good-faith consultation with the Debtors.

31. Bankruptcy Rule 8009(f) provides that if a motion to seal "is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending."

32. For the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Appellants to designate the Objection and Exhibits as part of the appellate record under seal.

Respectfully submitted,

Dated: October 2, 2020
      Wilmington, Delaware

By: /s/Leslie B. Spoltore
Leslie B. Spoltore, Esquire (DE Bar No. 3605)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
123 Justison Street, Suite 100
Wilmington, Delaware 19801
Telephone: (302) 238-6947
Facsimile: (302) 655-1092
Email: leslie.spoltore@obermayer.com

-and-

Edmond M. George, Esquire (*pro hac pending*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3140
Facsimile: (215) 665-3165
Email: Edmond.george@obermayer.com
*Counsel to AFSCME District Council 47 Health and Welfare Fund, 1199SEIU National Benefit Fund, 1199SEIU Greater New York Benefit Fund, 1199SEIU National Benefit Fund for Home Care Workers, 1199SEIU Licensed Practical Nurses Welfare Fund and Sergeants Benevolent Association Health and Welfare Fund*